| Case No. | SACV 19-00052 AG (SHKx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | IN RE MARRIAGE OF WALLACE L. T. WONG | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING *EX PARTE* APPLICATION (DKT. 5)**

Respondent Amy Ju Wong ("Amy") has applied *ex parte* for an order (1) striking or otherwise rejecting the Notice of Removal of Action filed by third-party claimant Elizabeth Wong ("Elizabeth") on January 9, 2019; (2) immediately remanding the action back to the Hon. Julie A. Palafox of the Orange County Superior Court; and (3) setting a hearing for Rule 11 sanctions against Elizabeth's counsel. The Court GRANTS in part the *ex parte* application.

A very brief background is as follows. Wallace Wong and Amy Wong divorced in 1996, and a judgment was entered in Orange County Superior Court case *In re Marriage of Wallace Loy Tim Wong and Amy Ju Wong* (Case No. 95D011667, the "state court action"). The next year, Wallace married his former daughter-in-law Elizabeth. (*Ex Parte* App, 2.) Elizabeth and Wallace were still married at the time of his death in 2010. (Not. of Removal, 2.) On November 12, 2016, Amy filed a request for order (RFO) in the state court action to enforce the 1996 divorce judgment. On February 10, 2017, Elizabeth consented to be "substituted in as Petitioner, Wallace Loy Tim Wong" in the state court action, "consent[ed] to the requested joinder and stipulate[d] to an order joining [her] as a Party." (Randi Pinckes Decl., Ex. 2.) On January 9, 2019, Elizabeth filed a Notice of Removal of the state court action under 28 U.S.C. §§ 1332 and 1441(a). (Dkt. 1.)

Trial in the state court action is set to begin on January 22, 2019. In recognition of the fact that Amy Wong is 80 years old and subject to preference under California Code of Civil Procedure § 36, the Superior Court apparently cleared a heavily impacted calendar to reserve time for an 8-day trial. (*Ex Parte* App. at 2, 6.) Amy argues that Elizabeth has started a flurry of baseless litigation, including the notice of removal and two new notices of appeal, to stall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00052 AG (SHKx) | Date | January 14, 2019 |
|---|---|---|---|
| Title | IN RE MARRIAGE OF WALLACE L. T. WONG | | |

the pending trial. The Court is also concerned about the motives behind all the recent activities in this old case.

With the pending January 22, 2019 trial date, which apparently required Judge Palafox to clear her calendar, this Court must act promptly. Having reviewed Elizabeth's notice of removal and Amy's *ex parte* application, the Court finds that removal is improper for several reasons, including untimeliness, procedural failings, and Elizabeth's status as a petitioner and third-party claimant. The Court has received an email from Mr. Sitzer of questionable propriety, and the Court is concerned that certain statements, claims, and litigation activities in this matter may have been unethical. But these concerns need not be resolved in this order due to exigencies.

The Court REMANDS this case to Orange County Superior Court. It declines Amy Wong's *ex parte* request for a sanctions hearing. It is time to move on to justice on the substantive issues long pending in the Superior Court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |